UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DERRICK D. HARPER,

    Plaintiff,

v.

MARK PETERSON, et al.,

    Defendants.

Case No. 23-cv-02998-PCP

**ORDER OF DISMISSAL**

Derrick D. Harper, an inmate at the California Substance Abuse Treatment Facility, filed this *pro se* civil rights action under 42 U.S.C. § 1983. The Court dismissed the original complaint with partial leave to amend. Dkt. No. 11. The Court gave Mr. Harper a very limited chance to amend: "Dismissal is with leave to amend *only* as to § 1983 claims not premised upon Mr. Harper's conviction." *Id*. at 4 (emphasis in original).

After extensions of time, Mr. Harper filed an Amended Complaint and a Habeas Petition. Dkt. Nos. 16–17. The amended pleadings now are before the Court for review under 28 U.S.C. § 1915A. Mr. Harper again seeks release from custody and damages for alleged wrongs during his criminal trial. *See* Dkt. Nos. 16–17. He has not identified any injury other than allegedly unconstitutional actions during his criminal trial. *See id*. He sues Contra Costa County district attorneys and superior court judges for "corruption," "prosecutorial misconduct," and "supervisory liability," without any supporting facts. *See id*.

**I.    Legal Standard**

Federal courts must screen any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim

upon which relief may be granted, or seek monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

**II.     Analysis**

As the Court explained in its prior order, any request for release must be brought in a habeas action and cannot be brought until Mr. Harper has fully exhausted his direct appeals in state court. *See* Dkt. No. 11 at 2–3. A petition for a writ of habeas corpus under 28 U.S.C. § 2254 provides the "exclusive remedy" for a prisoner who seeks "'immediate or speedier release'" from confinement. *Skinner v. Switzer*, 562 U.S. 521, 533–34 (2011). Civil rights complaints seeking habeas relief are generally dismissed without prejudice so that the complainant can pursue the same claim in a future petition under 28 U.S.C. § 2254. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995). The Court cannot convert this civil rights action to a habeas petition on Mr. Harper's behalf. *See id*. Instead, Mr. Harper must request release **via a petition for a writ of habeas corpus in a new case**.

The Court also explained that Mr. Harper could not seek damages for alleged errors during his criminal trial unless and until his criminal conviction was vacated. *See* Dkt. No. 11 at 3–4 (explaining that Mr. Harper's civil rights claims were *Heck*-barred). There is no indication that Mr. Harper's conviction has been vacated, and the attached habeas petition suggests that it is still in force. *See* Dkt. No. 17. Mr. Harper's request for damages thus remains *Heck*-barred. Dismissal of these claims is without prejudice to Mr. Harper filing a civil rights action **after** he succeeds in getting his conviction vacated.

Because Mr. Harper failed to remedy the defects previously identified, and those defects appear to be incurable, this action is DISMISSED WITHOUT LEAVE TO AMEND.

**III.     Conclusion**

This action is dismissed for failure to state a claim upon which relief may be granted. Because amendment would be futile, dismissal is without leave to amend. Dismissal is without prejudice to pursuing claims for injunctive relief after all state proceedings have concluded and without prejudice to pursuing claims for damages if any related conviction is invalidated.

The Court certifies that any appeal of this order is not taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

The Clerk shall terminate all pending motions and close the file.

**IT IS SO ORDERED.**

Dated: April 9, 2025

P. Casey Pitts
United States District Judge